# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM BITTORF and KATHY
BITTORF,

      Plaintiffs,

v.                                         Case No:  6:18-cv-632-Orl-37TBS

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____

## ORDER

Pending before the Court is Plaintiffs' Amended Motion to Strike Amended Declaration in Support of Removal (Doc. 20). Defendant has submitted a response in opposition to the motion (Doc. 22).

Plaintiffs filed this case in state court, alleging their home was damaged in a storm, and that their insurance carrier, Defendant, has refused to pay for the loss (Doc. 2). Defendant removed the case to this Court based upon the alleged existence of diversity jurisdiction (Doc. 1). Defendant claims that the parties are citizens of different states and the amount in controversy exceeds $75,000 (Id., ¶¶ 4-6, 10-12). The removal paperwork includes the Declaration of Kathleen Spinella, Vice President of Personal Lines and Property Claims of AIG Claims, Inc.[1] (Doc. 1-4). According to Ms. Spinella, Plaintiffs demanded payment of $94,411.70; Defendant accepted coverage for the loss; and paid Plaintiffs $19,368.11 after applying the insurance policy's $2,500 deductible (Doc. 1-4).

Plaintiffs have filed a motion to remand the case on the ground that their claim is

---

[1] The Declaration does not explain the relationship between Defendant and AIG Claims, Inc.

less than $75,000 (Doc. 4). Defendant has filed Ms. Spinella's Amended Declaration in which she states that Plaintiffs demanded a net amount of $93,661.90 and an additional claim of $749.80 for other structures, making a total of $94,411.70; and that Defendant has paid $19,368.11 (Doc. 5-1). Ms. Spinella also declares that Plaintiffs are demanding reasonable attorney's fees which, in her "experience will easily exceed $10,000." (Id., ¶ 9).

Plaintiffs contend that the Amended Declaration should be stricken because it "fails to incorporate the $11,270.00 deductible that applies [sic] this matter." (Doc. 20, ¶ 4). Defendant counters that the purpose of the Amended Declaration is to provide clarification, and that it accurately states the amount in controversy when the case was removed to this Court (Doc. 22 at 1-2).

As an initial matter, Plaintiffs' motion is due to be denied because it does not contain "a memorandum of legal authority in support of the request," as required by Local Rule 3.01(a).

Turning to the merits, FED. R. CIV. P. 12(f) authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court has broad discretion in making this determination. Honus Wagner Co. v. Luminary Grp. LLC, No. 17-cv-61317-BLOOM/Valle, 2017 WL 6547899, at *4 (S.D. Fla. Dec. 21, 2017). The court may strike allegations from a pleading on its own motion or on a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). The purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Wiand v. Wells Fargo Bank, N.A., 938

F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting <u>Slone v. Judd</u>, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).

Motions to strike are disfavored and not granted "unless clearly warranted." <u>Brown v. Joiner Int'l, Inc.</u>, 523 F. Supp. 333, 336 (S.D. Ga. 1981). A motion to strike will be denied unless "the pleading to be stricken has no possible relation to the controversy." <u>Augustus v. Board of Public Instruction of Escambia Cty.</u>, 306 F.2d 862, 868 (5th Cir. 1962).[2] Absent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations "to merely polish the pleadings." <u>Duramed Pharm., Inc. v. Watson Lab., Inc.</u>, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008); <u>see also</u> <u>Michael v. Clark Equip. Co.</u>, 380 F.2d 351, 352 (2d Cir. 1967) ("A great deal of time has been spent in this case in a struggle to get the plaintiff's pleading into better shape. As this court has often remarked, time spent in this way is usually wasted.").

Plaintiffs argue that Ms. Spinella's Amended Declaration should be stricken because she did not acknowledge that their deductible is $11,270. Defendant now agrees that the deductible is $11,270 (Doc. 17). However, it argues that when it removed the case, Plaintiffs' were claiming the deductible was only $1,000 (Doc. 22 at 2). Therefore, Defendant maintains that $1,000 is the correct amount to use when calculating the amount in controversy at the time of removal (Doc. 22). This is an issue the district judge will decide when he rules on Plaintiffs' motion for remand. In the meantime, the Court is

---

[2] In <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) <u>(en banc)</u>, the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

not persuaded that the Amended Declaration is "redundant, immaterial, impertinent, or scandalous" and therefore, the motion to strike is **DENIED**. FED. R. CIV. P. 12(f).

 **DONE** and **ORDERED** in Orlando, Florida on May 10, 2018.

          _____
          THOMAS B. SMITH
          United States Magistrate Judge

Copies furnished to Counsel of Record