UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM BITTORF and KATHY
BITTORF,

    Plaintiffs,

v.                                         Case No:   6:18-cv-632-Orl-37TBS

LEXINGTON INSURANCE COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

    Pending before the Court is Plaintiffs' Motion to Remand (Doc 4). Defendant has filed a response in opposition to the motion (Doc. 15). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

    On October 7, 2016, Plaintiffs William and Kathy Bittorf's residence suffered storm damage (Doc. 2, ¶¶ 3-4). They had insurance provided by Defendant Lexington Insurance Company (Id., ¶ 3). Plaintiffs submitted an itemized repair estimate to Defendant (Doc. 2, ¶ 3; Doc. 1-4, ¶ 6). The estimate, prepared by non-party Insurance Claim Expert, Inc., concludes that the replacement cost value of the damage to Plaintiffs' residence is $94,661.90 plus an additional $749.80 for other structures, making a total of $95,411.17 (Doc. 1-4, at 15-16). The estimator reduced this amount by $1,000 for the insurance deductible, resulting in a net of $94,411.70 (Id., at 15).

    Defendant accepted Plaintiffs' claim and construed the estimate as a demand for payment of $94,411.70 (Id., at 1-2, ¶¶ 3, 6-7). The insurance policy contains a Wind Hail deductible of two percent of the value of the dwelling (Doc. 15 at 2). In a pre-suit letter to Plaintiffs, Defendant explained that it had placed a value of $563,500 on their home which

results in an $11,270 deductible (Doc. 12 at 3). Then, Defendant used what it believes is a more accurate replacement cost estimate of $33,798.73, less $3,160.62 in depreciation, to arrive at an actual cost of $30,638.11 (Id.). Defendant subtracted the $11,270 deductible from this sum to arrive at $19,368.11 (Id.). Defendant paid the $19,368.11 to Plaintiffs before this case was filed (Id.). There is no evidence in the record that Plaintiffs have ever disputed Defendant's pre-suit calculation of the deductible.

Plaintiffs filed this lawsuit in state court, alleging that Defendant has breached the contract of insurance by refusing to pay their loss (Doc. 2, ¶¶ 5-6). The complaint seeks unspecified damages in excess of $15,000 together with attorney's fees and costs pursuant to FLA. STAT. § 627.428 (Id.). Defendant invoked the Court's diversity jurisdiction to remove the case to this Court (Doc. 1, ¶¶ 4-5). Plaintiffs seek remand on the ground that the actual amount in controversy is $64,023.79 calculated as follows:

| | |
|---|---|
| Pre-suit Demand | $94,661.90[1] |
| Pre-suit Payment | $19,368.11 |
| Deductible | $11,270.00 |
| Net Claim | $64,023.79 |

(Doc. 4 at 1). Lest there be any doubt, in response to my Order,[2] the parties have confirmed that the deductible is $11,270 (Docs. 12, 17).

Defendant has filed two declarations of Kathleen Spinella, Assistant Vice President of Personal Lines and Property Claims for AIG Claims, Inc. (Doc. 1-4; Doc. 5). Spinella represents that she is authorized to make statements on behalf of Defendant (Doc. 1-4, ¶ 3; Doc. 5, ¶ 3). In her first declaration, Spinella states that the deductible is $2,500 (Doc.

---

[1] Plaintiffs correctly omit the $1,000 deductible used by the estimator but, they err in failing to include the estimate of $749.80 for other structures.

[2] See (Doc. 11).

1-4 at 2, ¶ 7). No explanation of where this figure came from has been provided. In her second declaration, Spinella omits any reference to the deductible, but says: "Plaintiff claims a reasonable attorney's fee under Florida Statutes §627.428, which based on my experience will easily exceed $10,000.00." (Doc. 5-1, ¶ 9).

## II. Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To establish the Court's original diversity jurisdiction, Defendant must show that the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Court only has diversity jurisdiction when there is complete diversity between the plaintiffs and defendants and the amount in controversy requirement is satisfied. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365 (1978). Here, there is no dispute that the parties are citizens of different states. Plaintiffs tax records show that they have designated their residence in Volusia County, Florida as their homestead (Docs. 16-1, 16-2), and Defendant states that it is a Delaware corporation with its principal place of business in Boston, Massachusetts (Doc. 1, ¶ 5).

The sole issue is whether this case meets the $75,000 amount in controversy requirement in 28 U.S.C. § 1332(a). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). As the party that removed the case, it is Defendant's burden to show by a preponderance of the evidence

that the amount in controversy exceeds $75,000. Kirkland v. Midland Mtg. Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000).

The Court begins by looking at Plaintiffs' complaint to see whether the averments demonstrate that the case could have been brought here. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Because Plaintiffs have not alleged a specific amount of damages in their complaint, the Court may look to the notice of removal. Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). The Court can also review the record for additional evidence or require the parties to submit evidence concerning the amount in controversy when the case was removed. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). And, the Court may "employ[ ] its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1063 (11th Cir. 2010).

The Court must construe the removal statues strictly and resolve all doubts about jurisdiction in favor of remand to state court. Univ. of S. Ala. v. Am. Tobacco, 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-109, (1941)). "The plaintiff's right to choose his forum carries more weight than a defendant's right to remove." Baypoint Office Tower, Inc. v. Chubb Custom Ins. Co., No. 12-20893-CIV, 2012 WL 2192853, at *1 (S.D. Fla. June 14, 2012). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand." Burns, 31 F.3d at 1095 (citations omitted).

The first issue is the amount of the deductible applicable to Plaintiffs' gross claim when the case was removed to this Court. I find the Court should use $11,270 because the parties agree that is the correct amount and because there is no evidence that Plaintiffs have ever disputed Defendant's pre-suit calculation that this is the right amount.

Next, is the question of Plaintiffs' attorney's fees and costs, which they may recover under FLA. STAT. 627.428(1) if they prevail in this case. Spinella has declared that Plaintiffs' fees "will easily exceed $10,000" (Doc. 5-1, ¶ 9). This estimate is of little or no value because it pertains to the entire case, not the amount of fees Plaintiffs could potentially recover as calculated on the date the case was removed to this Court. Additionally, this estimate is based on Spinella's "experience," but, she has not provided any information concerning: (1) the nature of her experience; (2) what she believes is an appropriate hourly rate for Plaintiffs' counsel; (3) a reasonable number of billable hours for Plaintiffs' counsel; or (4) information concerning other, similar cases in which fees have been awarded. Consequently, Spinella's estimate is entitled to little, if any weight.

Based upon the information in the record I find the amount of Plaintiffs' claim, on the date of removal is correctly calculated as follows:

| | |
|---|---|
| Gross Claim | $95,411.70[3] |
| Less the Amount Already Paid | $19,368.11 |
| Subtotal | $76,043.59 |
| Less the Deductible | $11,270.00 |
| Plaintiffs' Claim before Fees and Costs | $64,773.59 |

Even if the Court adds the $10,000 in fees that Spinella suggests, the total is still less than $75,000. Consequently, I find that the Court lacks jurisdiction over this

---

[3] This is the sum of the $94,661.90 for the dwelling and the $749.80 for other structures.

controversy and remand is required.

When the Court remands a case it "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs' motion for remand does not seek fees or costs and therefore, I recommend that none be awarded.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiffs' Motion for Remand (Doc. 4), be **GRANTED** and that this case be remanded to the Circuit Court of the Seventh Judicial District in and for Volusia County, Florida.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record